UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROGER E. CLINE, | ) | CASE NO. 5:05 CV 1823 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ELLEN M. CLINE, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On July 20, 2005, plaintiff pro se Roger E. Cline filed this action against his step-mother, Ellen M. Cline. In the complaint, plaintiff alleges his step-mother, as the executrix of his father's estate, failed to give him property to which he claims his deceased father wanted him to have title. He asks this court to vacate the judgment of the Carroll County probate court, and convey title to the property.

*Background*

Mr. Cline's father died on May 10, 2000 leaving a Last Will and Testament which gives his entire estate to his wife, Ellen M. Cline. Roger Cline alleges that he and his brother, Robert Cline, had an oral agreement with their step-mother that they would not contest the Will if she would deed to them title to a parcel of land they claim their father had intended for them to have. Based on this understanding,

they signed waivers of their right to contest the Will. Roger Cline claims, to date, his step-mother has not turned over the title to the land. He states that the Last Will and Testament presented to the probate court in October 2000 was forged and the judgment of that court related to the probate of the estate should be vacated.

*Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As a threshold matter, United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates the his or her federal rights.  Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994).  Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action.  Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562 *2 (6th Cir. Sept. 28, 1999); see also, Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis.  First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding.  Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment."  Catz, 142 F.3d at 293.  Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action.  Id.; Tropf, 289 F.3d at 937.

In the present action, the plaintiff clearly seeks to vacate the state probate court's judgment.  He specifically states that he wants the state judgment to be declared void and its execution enjoined.  Any review of the claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings.  This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested.  Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at

293.

Furthermore, this court lacks subject matter jurisdiction to consider these claims anew. The entire case involves matters of Ohio probate and intestate succession law.  There are no claims which even arguably arise under a law of the United States, and therefore federal question subject matter jurisdiction is precluded.   Furthermore, although Mr. Cline is currently incarcerated in the State of West Virginia, jurisdiction cannot be predicated on diversity of citizenship.  Federal courts lack jurisdiction to probate a will, administer an estate or trust, or address questions within the province of the probate court. See Lepard v. NBD Bank, 384 F.3d 232, 237 (6th Cir. 2004).

## *Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

   s/John R Adams 8/8/05
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.